IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHARON ELDER-KEEP,           )<br>                              )<br>         Plaintiff,          )<br>                              )         8:03CV458<br>    vs.                       )<br>                              )         ORDER<br>TROY AKSAMIT, et al.,         )<br>                              )<br>         Defendants.          ) | |

This matter is before the court on the motion (#109) of nonparty BryanLGH Medical Center ("BryanLGH") for a protective order that it not be required to produce the following records which are the subject of a subpoena and subpoena duces tecum served by the plaintiff:

   1.   All documents showing the names of all persons and test results for whom alcohol testing was performed by [BryanLGH] at the request of the City of Lincoln police department from November 3-14, 2002; ...

   4.   All documents showing the names and last known addresses of all hospital patients on November 3-4, 2002; ... and

   12.  All documents showing any and all employees at the hospital on November 3-4, 2002.

The movant has complied with NECivR 7.1(i). Having considered plaintiff's timely response (#114), I find that the motion for protective order should be granted.

### Document Categories 1 and 4

BryanLGH objects to producing the documents described in paragraphs 1 and 4 of plaintiff's subpoena because the documents constitute "protected health information" under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and 45 C.F.R. 164.512 promulgated thereunder and cannot be produced without the entry of a "qualified protective order" as that term is used in HIPAA.

Under certain circumstances, a covered entity may disclose protected health information without the written authorization of the individual or the opportunity for the

individual to agree or object. For example, a covered entity may disclose protected health information "in the course of any judicial or administrative proceeding." 45 C.F.R. § 164.512(e)(1); *see also* 45 C.F.R. § 164.502(a)(1)(vi).

Section 164.512(e) governs the disclosure of information in judicial and administrative proceedings and distinguishes discovery requests that are accompanied by a court order from those which are not. In this instance, plaintiff's subpoena was not accompanied by a court order.

Section 164.512(e) allows the disclosure of protected health information in response to discovery requests that are not accompanied by a court order only if the covered entity either

- receives "satisfactory assurance" that reasonable efforts have been made to insure that individuals who are the subject of the protected health information requested are given notice of the request, *or*
- receives "satisfactory assurance" that the requesting party has made reasonable efforts to secure a qualified protective order that provides that the parties (a) will not use or disclose the information for purposes other than the pending proceeding, and (b) will return the information (or destroy it) at the end of the litigation or proceeding.

45 C.F.R. § 164.512(e)(1)(ii), (iv) & (v). *See Beard v. City of Chicago*, No. 03 C 3527, 2005 WL 66074 (N.D. Ill., Jan. 10, 2005).

Regarding efforts to give the affected individuals notice of the discovery requests, the term "satisfactory assurance" is defined in § 164.512(e)(1)(iii) as follows:

> [A] covered entity receives satisfactory assurances from a party seeking protecting health information if the covered entity receives from such party a written statement and accompanying documentation demonstrating that:(A) The party requesting such information has made a good faith attempt to provide written notice to the individual (or, if the individual's location is unknown, to mail a notice to the individual's last known address);
> (B) The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and
> (C) The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:
> (1) No objections were filed; or

> (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

Regarding the requesting party's efforts to obtain a qualified protective order, the term "satisfactory assurance" is defined in § 164.512(e)(iv) as follows:

> For the purposes of paragraph (e)(1)(ii)(B) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information, if the covered entity receives from such party a written statement and accompanying documentation demonstrating that:
> (A) The parties to the dispute giving rise to the request for information have agreed to a qualified protective order and have presented it to the court or administrative tribunal with jurisdiction over the dispute; or
> (B) The party seeking the protected health information has requested a qualified protective order from such court or administrative tribunal.

The plaintiff contends BryanLGH must produce the requested patient information because

> Plaintiff and Defendant City [of Lincoln] entered into a stipulation on September 7, 2005 on the record just prior to the records deposition of Bryan LGH at which time it was stipulated by the parties that all parties to this litigation would not use or disclose the protected health information for any purpose other than this litigation for which the information was requested and, further, that the return of [sic] destruction of the protected information at the end of the proceeding would take place by both parties."

Filing 114, ¶ 2.

While such a stipulation might satisfy the definition of "qualified protective order" under § 164.512(e)(v), the plaintiff has not provided the "satisfactory assurances" to BryanLGH required by HIPAA. Certainly, the plaintiff has not requested the entry of a qualified protective order from this court. Indeed, for the reasons discussed below, it would be futile for plaintiff to do so.

Having reviewed the court file, and particularly Judge Smith Camp's January 5, 2005 Order granting the defendants' Motion for Summary Judgment on plaintiff's individual capacity claims against defendants Aksamit and Thraen, I concur with BryanLGH's assessment that plaintiff's requests for patient information constitute a "'fishing expedition' to see if there is evidence 'out there somewhere' which supports the plaintiff's claim." Filing

111 at p. 5. I also agree with BryanLGH that it unlikely that any patient who was at the hospital would have been likely to see the alleged assault on plaintiff's decedent, which occurred near the hospital's emergency entrance 34 months ago. In this regard, BryanLGH has demonstrated that it is entitled to a protective order under Fed. R. Civ. P. 26(c)(1) to protect it from "annoyance, embarrassment, oppression, or undue burden or expense."

Consequently, the Motion for Protective Order must be granted with respect to the documents described in categories 1 and 4, first, for plaintiff's failure to comply with the requirements of HIPAA and, second, pursuant to Rule 26(c)(1) to protect BryanLGH from annoyance, embarrassment, oppression, or undue burden or expense.

### Document Category 12

The plaintiff has requested from BryanLGH "[a]ll documents showing any and all employees at the hospital on November 3-4, 2002" for the purpose of determining "if any employees have direct knowledge of the vents of the night in question as well [as] indirect knowledge of what other employees may have observed that night." This request is much broader than a simple "list" which BryanLGH was allegedly required to keep "anyway" for tax purposes. *See* Filing 114 ¶ 3.

I find that BryanLGH is entitled to a protective order under Fed. R. Civ. P. 26(c)(1) to protect it from the "annoyance, embarrassment, oppression, or undue burden or expense" associated with responding to this request. In so finding, I note that BryanLGH did respond to nine of the 12 categories of information originally sought by the plaintiff.

### Costs and Sanctions

I note that BryanLGH elected to proceed under Rule 26(c), which does contemplate the filing of a motion for protective order by either a party or by any person from whom discovery is sought, rather than Rule 45(c)(3)(A), which allows the court to quash or modify a subpoena if the subpoena subjects the recipient to undue burden. While Rule 45 makes no reference to Rule 37 sanctions, Rule 26(c) provides that the provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to a motion for protective order. In this

instance, the plaintiff's conduct necessitated BryanLGH's motion and the plaintiff's position in the matter was not substantially justified.  Accordingly, I find that BryanLGH is entitled to an award of costs pursuant to Fed. R. Civ. P. 37.  "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims."  *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994) (non-party who prevailed on Rule 26(c) motion was entitled to an award under Rule 37(a)(4)).

**IT IS ORDERED:**

1.   The motion (#109) of nonparty BryanLGH Medical Center ("BryanLGH") for a protective order is granted in its entirety.

2.  BryanLGH is entitled to an award of costs pursuant to Fed. R. Civ. P. 37 and is given until **September 27, 2005** to file a motion pursuant to Fed. R. Civ. P. 37(a)(4) should it wish to do so.

**DATED September 12, 2005.**

**BY THE COURT:**

**s/ F.A. Gossett
United States Magistrate Judge**
