IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHARON ELDER-KEEP, | ) | CASE NO. 8:03CV458 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | MEMORANDUM |
| | ) | AND ORDER |
| TROY AKSAMIT and JEROME THRAEN, in their individual and official capacities and the CITY OF LINCOLN, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Plaintiff's Motion to Reconsider (Filing No. 140) the Order dated December 5, 2006, (Filing No. 139), in which the Court denied the Plaintiff's Motion for Rule 60 Relief. (Filing No. 132). The December 5, 2006, Order states that the Eighth Circuit Court affirmed this Court's judgment in all respects, and concluded that the Plaintiff's Motion for Rule 60 Relief was untimely filed. Although the motion was entitled a "Motion for Rule 60 Relief," the substance of the motion made clear that Plaintiff was seeking reconsideration of certain evidentiary rulings made during the Court's consideration of the Defendants' summary judgment motions. In the motion, Plaintiff Sharon Elder-Keep asked the Court to set aside its previous orders (Filing Nos. 68, 77, and 87) and to consider the affidavits that were at issue in the underlying summary judgment motions.

Following my initial consideration of Elder-Keep's Motion for Rule 60 Relief, I concluded that it was either a motion under Rule 60 that raised issues that could have been raised on appeal (and, in this case, *were* raised on appeal), or a motion for reconsideration. A Rule 60(b)(1) motion must be brought "not more than one year after the

judgment, order, or proceeding was entered or taken," except that if the motion raises issues that can be raised on appeal, then the motion must be filed within 30 days after entry of the final order. *See Sanders v. Clemco Indus.*, 862 F.2d 161, 169, 170 n.16 (8th Cir. 1988) (holding that "Rule 60(b) cannot substitute for an appeal."). A motion for reconsideration needs to be filed within 10 days after the entry of the order. NECivR 60.1. In either case, Elder-Keep's Motion for Rule 60 Relief that was filed approximately 11 months after the filing of the order of dismissal, was not timely filed.

Elder-Keep argues in this Motion to Reconsider that the Motion for Rule 60 Relief was brought not only pursuant to Fed. R. Civ. P. 60(b)(1) but also pursuant to 60(b)(6). Rule 60(b)(6) requires that a party file a motion for relief "within a reasonable time." Rule 60(b)'s subdivision (6) is a catch-all provision permitting a moving party to seek relief for "any other reason justifying relief from the operation of the judgment." Elder-Keep argues that the Court's failure expressly to address whether her motion was filed "within a reasonable time" as required by Rule 60(b)(6) constitutes manifest error warranting reconsideration of the order.

I conclude that Elder-Keep has failed to demonstrate manifest error justifying reconsideration. Inherent in the Court's December 5, 2006 Order is a finding that the Plaintiff's motion was not made within a reasonable time.[1] For this reason alone, I deny the Plaintiff's Motion for Reconsideration. There is a second reason to deny the motion for reconsideration. Elder-Keep has failed to identify or demonstrate exceptional

---

[1] "What constitutes a reasonable time is dependent on the particular facts of the case in question . . .." *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999), *cert. denied*, 528 U.S. 928 (1999). See *Middleton v. McDonald*, 388 F.3d 614, 617 (8th Cir. 2004).

circumstances justifying post-judgment relief. *Arnold v. Wood,* 238 F.3d 992, 998 (8th Cir. 2001); *Broadway v. Norris,* 193 F.3d 987, 990 (8th Cir. 1999) (holding that Rule 60(b) cannot be used as "a vehicle for simple reargument on the merits.").

The Order of Dismissal that fully disposed of Elder-Keep's case was filed on October 13, 2005. Elder-Keep filed her Notice of Appeal on November 3, 2005, and her Motion for Rule 60 Relief on October 5, 2006. Issues relating to the Court's rejection of the affidavits filed in opposition to the Defendants' summary judgment motions were central to the Plaintiff's appeal to the Eighth Circuit Court. I find that Elder-Keep's Motion for Rule 60 Relief reasserts issues made in earlier motions and issues presented to and decided by the Eighth Circuit Court on appeal. Despite her argument to the contrary, Elder-Keep's Motion for Rule 60 Relief does not raise a ground for reversal that could not have been presented to the appellate court on direct appeal.

The Eighth Circuit Court has affirmed this Court's resolution of the Plaintiff's case in all respects. For all these reasons,

IT IS ORDERED:

1. The Motion for Reconsideration (Filing No. 140) is denied;

2. The denial of the Motion for Rule 60 Relief (Filing No. 132) is expressly reaffirmed; and

3. The Clerk shall close this case and terminate it for statistical purposes.

DATED this 1st day of February, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge